# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-827V
Filed: July 7, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DAVID PONSNESS,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

Damages Decision Based on Proffer;
Influenza;
Shoulder Injury Related to Vaccine
Administration ("SIRVA"); Special
Processing Unit ("SPU")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

    On August 3, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that his January 11, 2013 influenza vaccination caused him to suffer shoulder injuries. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

    On May 11, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On July 7, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $75,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner, David Ponsness.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DAVID PONSNESS, | ) |
| | ) |
| Petitioner, | ) |
| | )   No. 15-827V |
| v. | )   Chief Special Master Dorsey |
| | )   ECF |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $75,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $75,000.00, in the form of a check payable to petitioner.  Petitioner agrees.

                    Respectfully submitted,

                    BENJAMIN C. MIZER
                    Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Acting Deputy Director
        Torts Branch, Civil Division

        ALTHEA W. DAVIS
        Senior Trial Counsel
        Torts Branch, Civil Division

        s/ Claudia B. Gangi
        CLAUDIA B. GANGI
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington D.C. 20044-0146
        Tel: (202) 616-4138

Dated: July 7, 2016